Filed 9/21/20  P. v. Kennedy CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>LAWRENCE EDWARD KENNEDY,<br><br>    Defendant and Appellant. | D077634<br><br>(Super. Ct. No. FSB1502137) |

APPEAL from a judgment of the Superior Court of San Bernardino County, Ronald M. Christianson, Judge.  Affirmed.

Jason L. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

Defendant, Lawrence Edward Kennedy, appeals from a denial of his petition brought pursuant to Penal Code[1] section 1170.95 asking for resentencing.  The prosecution opposed his petition on the grounds that he

___

[1]    All further statutory references are to the Penal Code unless otherwise stated.

was the actual killer, and in any event section 1170.95 was unconstitutional. We appointed counsel to represent defendant in this court.

## BACKGROUND[2]

Following an argument between Richard R. and defendant's codefendant Joseph Anthony Jackson, defendant went to Richard's apartment. He knocked on the door and Richard invited him inside. Defendant shot Richard and fled through the front gate of the apartment complex. A neighbor called 911. Richard later died at the hospital. Three days later, a gun was found on Kennedy's person when he was apprehended. The firearm was later found to match the sole bullet casing found at the scene of Richard's murder. Comparison testing of the gun to the fired bullet, however, was inconclusive. The markings on the bullet were insufficient for identification.

On August 5, 2015, the San Bernardino District Attorney filed an information charging defendant and Jackson with one count of first degree murder (§ 187, count 1). Defendant was also charged with one count of being a felon in possession of a firearm (§ 29800, subd. (a)(1), count 2). As to count 1, the information further alleged alternate firearm enhancements alleging defendant personally used a firearm, personally discharged a firearm, and personally discharged a firearm causing great bodily injury or death. (§ 12022.53, subds. (b), (c) & (d).) Two convictions were alleged as strike priors. (§§ 1170.12, subds. (a), (d); 667, subds. (b)-(i).)

On September 19, 2016, defendant was found guilty of first degree murder. The jury also found true the section 12022.53, subdivision (d)

---

2     We granted defendant's request to take judicial notice of the opinion in his direct appeal, *People v. Kenney* (Sept. 27, 2018, D073847) [nonpub. opn.].

allegation he personally discharged a firearm causing great bodily injury or death. Following a contested court trial, the court found one of defendant's prior strike convictions to be true.

On October 28, 2016, the court sentenced defendant to an indeterminate term of 75 years to life plus a determinate term of six years. Defendant received 25 years to life, doubled to 50 years, on count 1. An additional term of 25 years to life was added for the section 12022.53, subdivision (d) firearm enhancement. As to count 2, defendant received an aggravated determinate term of three years, doubled to six, to be served consecutively to the indeterminate term.

On September 27, 2018, defendant's judgment was affirmed following an appeal.

On August 26, 2019, defendant filed a petition for resentencing pursuant to section 1170.95 (Sen. Bill No. 1437). On June 5, 2020, the court denied defendant's petition by finding him to be the actual killer of the victim, and thus it found him statutorily ineligible for relief.

Defendant filed a notice of appeal on June 19, 2020.

ANALYSIS

Appointed counsel has filed an opening brief which states the case and the facts. He also points our attention to those areas of the record where we may review the question of whether the trial court erred in finding him ineligible for relief under section 1170.95.

Pursuant to *People v. Wende* (1979) 25 Cal.3d 436, and *Anders v. California* (1967) 386 U.S. 738, we have reviewed the entire record and have concluded that there is no arguable issue on appeal. We notified defendant of his right to submit a written argument in his own behalf within 30 days.

That period has lapsed, and we have received no written argument from defendant.

Defendant has been represented by competent counsel on this appeal.

DISPOSITION

The judgment is affirmed.

BENKE, Acting P. J.

WE CONCUR:

HUFFMAN, J.

O'ROURKE, J.

4